# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| MARGARET ANN JOHNSSON, | ) | |
| | ) | |
| Petitioner/Appellant, | ) | |
| | ) | No. 14 C 4858 |
| v. | ) | |
| | ) | Judge Sara L. Ellis |
| CATHERINE L. STEEGE, Trustee, | ) | |
| | ) | |
| Respondent/Appellee. | ) | |

## OPINION AND ORDER

This case arises out of a Chapter 7 bankruptcy petition filed by Margaret Ann Johnsson in the midst of her divorce proceedings. Johnsson appeals the bankruptcy court's May 14, 2014 denial of her motion for relief from the bankruptcy court's April 30, 2013 order approving the Trustee Catherine L. Steege's (the "Trustee") settlement agreement with Johnsson's ex-husband, Mark Rittmanic.[1] Because Johnsson has not shown that the bankruptcy court abused its discretion in denying her motion for relief and she cannot challenge the underlying approval of the settlement agreement in this appeal, the bankruptcy court's May 14, 2014 order is affirmed.

## BACKGROUND

Johnsson filed a Chapter 7 bankruptcy petition on September 21, 2011. Prior to filing for bankruptcy, Johnsson was engaged in divorce proceedings in state court with her now ex-husband Mark Rittmanic. The bankruptcy filing was precipitated by a dispute over the division of marital property, which Johnsson and Rittmanic had initially agreed to divide in a marital settlement agreement (the "MSA"). Upon the filing of the bankruptcy petition, Johnsson's rights to property of the marital estate became property of the bankruptcy estate pursuant to 11 U.S.C.

---

[1] This Court's jurisdiction is conferred by 28 U.S.C. § 158(a)(1), which governs appeals from "final judgments, orders, and decrees" of the bankruptcy court. The bankruptcy court's May 14, 2014 order denied Johnsson's motion for relief with prejudice, making it an appealable order.

§ 541. The Trustee and Rittmanic then engaged in negotiations to settle claims to marital property, reaching an agreement on April 5, 2013. The Trustee presented the agreement for the bankruptcy court's approval pursuant to Bankruptcy Rule 9019. Doc. 198.[2] The agreement provided that (1) Rittmanic would pay $120,000 to the Trustee ($60,000 at the time of execution and $60,000 on or before December 13, 2013), (2) the Trustee and Rittmanic mutually released all claims against the other, and (3) Johnsson retained the ability to pursue a claim for maintenance in the divorce proceeding. In other words, the Trustee agreed in the settlement to accept $120,000 for the marital estate claims and released any further claim to marital property, including Johnsson's and Rittmanic's marital residence.

The Trustee's motion to approve the settlement agreement was set for a hearing before the bankruptcy court on April 30, 2013. No creditors objected to the settlement, although Johnsson filed written objections on April 29. Doc. 202. In her filing, she argued that the settlement was premature, the Trustee was breaching her fiduciary duties, and that the agreement would harm other creditors such as the mortgage holder on the marital residence who allegedly had not received notice of the settlement. At the hearing on April 30, the bankruptcy court first noted that Johnsson's objection had been filed after the court's deadline. Nonetheless, the court allowed Johnsson to orally present her objections to the settlement agreement. Doc. 234 at 5–6. Johnsson argued that (1) the settlement was undervalued and not based on sufficient investigation by the Trustee, (2) the settlement did not address certain assets that were Johnsson's alone, (3) the settlement agreement released the Trustee from all wrongdoing, and (4) the settlement agreement was premature. The Trustee responded to Johnsson's objections, explaining the decision to settle the case instead of engage in full-blown discovery in light of the value of the estate, creditors' claims, and the potential costs of such discovery. The Trustee

---

[2] Docket number references are to filings in the bankruptcy case, No. 11-bk-38307 (Bankr. N.D. Ill.).

indicated that the settlement was reached after engaging in informal discovery, including interviewing both Johnsson and Rittmanic and making informal discovery requests. She further stated that she determined that the marital residence, if sold, would bring in less than the mortgage on that property. The Trustee set out the legal reasoning for the valuation used for Rittmanic's business. Responding to Johnsson's concern about her own property, the Trustee indicated that any non-marital property—i.e. property Johnsson claimed was purchased only with her money—was not included in the settlement agreement and that the estate would still be able to claim that property. The Trustee suggested there was no reason to wait to settle with Rittmanic and that the release was standard and intended to ensure that Rittmanic did not return with additional claims against the bankruptcy estate. Having considered Johnsson's objections and the Trustee's and Rittmanic's responses, the bankruptcy court approved the settlement agreement, finding that the settlement met the standards of Federal Rule of Bankruptcy Procedure 9019. *See* Docs. 204, 234 at 54–58.

Johnsson did not appeal the bankruptcy court's April 30, 2013 order. Instead, on May 22, 2013, she filed a motion to reject or assume the MSA. Doc. 209. The court held a hearing on May 28, 2013, found the MSA was subsumed in the settlement agreement, and denied Johnsson's motion with prejudice. Doc. 215; *see also* Doc. 271 at 2–3. Then, on June 11, 2013, Johnsson filed a motion for partial relief from the Trustee's settlement agreement with Rittmanic pursuant to Federal Rule of Bankruptcy Procedure 9024 and Federal Rule of Civil Procedure 60. Doc. 216. In that motion, Johnsson argued that the current mortgage holder on the marital residence had not received notice of the settlement motion. She requested that (1) the Trustee amend the settlement agreement to ensure her mortgage debt was discharged, (2) Rittmanic and the current mortgage holder remove her from the mortgage, and (3) the Trustee and Rittmanic be

prohibited from removing her from the title to the marital property until Rittmanic paid the full settlement amount and refinanced the mortgage on the marital property. After a hearing, Johnsson's motion was denied on August 20. Doc. 236.

That same day, Johnsson filed a motion to remove the Trustee, arguing that the Trustee had mismanaged the case in not pursuing additional assets from Rittmanic, who Johnsson alleged controlled approximately $8 million that should be part of the bankruptcy estate. Doc. 238. At a hearing on August 27, 2013, the bankruptcy court denied Johnsson's motion. Doc. 246.

On March 18, 2014, Johnsson filed the motion that is the subject of this appeal, seeking relief from the April 30, 2013 court order approving the settlement agreement, or in the alternative, withdrawal of her bankruptcy petition. Doc. 257. The motion was brought pursuant to Federal Rule of Bankruptcy Procedure 9024 and Federal Rule of Civil Procedure 60. Johnsson argued that "[m]istakes have been made by the Trustee, newly discovered evidence exists that could not have been discovered within the twenty-eight days required to move for a new trial under Rule 59(b), and fraud, misrepresentation and/or misconduct have all been committed by the largest opposing party to JOHNSSON's bankruptcy proceedings, her husband at the time of the bankruptcy filing, RITTMANIC." Doc. 257 ¶ 24. Johnsson proceeded to detail her allegations of the Trustee's mistakes in entering the settlement agreement, Rittmanic's fraud and misrepresentations in negotiating the settlement agreement, and the Trustee's failure to obtain certain discovery from Rittmanic. Johnsson claimed that the marital assets totaled approximately $10 million and that, instead of entering the settlement agreement and leaving her liable for marital debt, the Trustee should have liquidated the marital assets, paid any creditors and administrative fees and expenses, and then provided the remainder to Johnsson. She argued that revoking the settlement agreement and ordering such a liquidation, or in the alternative

enforcing the original MSA, was the only just solution. At the initial hearing on Johnsson's motion, the bankruptcy court noted that Johnsson did not comply with Federal Rules of Bankruptcy Procedure 9013 and 2002 and required her to provide proper notice of her motion to all creditors and gave her time to file a supplemental brief. Doc. 261. Johnsson did not file a supplemental brief. The Trustee responded, Doc. 264, and Johnsson filed a reply brief and notice of service of the motion on May 6, Docs. 265, 267.

The bankruptcy court held a hearing on Johnsson's motion on May 7. It struck Johnsson's reply brief as filed in violation of a court order but nonetheless allowed Johnsson to argue her motion. After hearing arguments, *see* Doc. 284, the bankruptcy court issued an opinion on May 14, 2014, denying Johnsson's motion for relief from the April 30, 2013 order approving the settlement with prejudice and denying the alternative motion to grant withdrawal of the bankruptcy petition without prejudice. Doc. 271.

## ANALYSIS

Johnsson appeals from the bankruptcy court's denial of her Rule 60 motion for relief from the bankruptcy court's approval of the settlement agreement between the Trustee and Rittmanic.[3] The Court reviews the bankruptcy court's order denying a Rule 60(b) motion for abuse of discretion. *Nash v. Hepp*, 740 F.3d 1075, 1078 (7th Cir. 2014); *see also In re Spurlock*, 564 F. App'x 862, 864 (7th Cir. 2014) (applying abuse of discretion standard to review denial of Rule 60(b) motion in bankruptcy case). "[R]elief under Rule 60(b) is 'an extraordinary remedy and is granted only in exceptional circumstances,'" meaning that a court abuses its discretion "only when 'no reasonable person could agree' with the decision to deny relief." *Eskridge v.*

---

[3] Federal Rule of Civil Procedure 60 applies in Chapter 7 proceedings through Federal Rule of Bankruptcy Procedure 9024.

*Cook County*, 577 F.3d 806, 809 (7th Cir. 2009) (quoting *McCormick v. City of Chicago*, 230 F.3d 319, 327 (7th Cir. 2000)).

Initially, the Court notes that Johnsson's statement of issues on appeal and the majority of her briefing is spent discussing errors with the bankruptcy court's approval of the settlement agreement, not with the bankruptcy court's May 14, 2014 denial of her Rule 60(b) motion. These issues, which should have been raised on direct appeal, are not reviewable on appeal of a Rule 60(b) motion and are thus not properly before this Court. *See Stoller v. Pure Fishing Inc.*, 528 F.3d 478, 480 (7th Cir. 2008) ("A Rule 60(b) motion is not a substitute for appeal[.]"); *Cincinnati Ins. Co. v. Flanders Elec. Motor Serv., Inc.*, 131 F.3d 625, 628 (7th Cir. 1997) (in reviewing denial of Rule 60(b) motion, court "may not reach the merits of the underlying judgment"); *Provident Sav. Bank v. Popovich*, 71 F.3d 696, 698–99 (7th Cir. 1995) (despite appellant's "persistent but belated focus on the merits," because the Seventh Circuit was "limited to the question of whether a district court's Rule 60(b) determination involved an abuse of discretion, [it] do[es] not review the merits of the underlying judgment, and [its] review is far narrower than it would be on direct appeal"). The Court thus does not address Johnsson's complaints about the underlying settlement agreement. Rather, the only issues the Court considers are those in the bankruptcy court's May 14, 2014 order that are properly raised by Johnsson in her appeal.[4]

But even what is properly raised is disputed by the Trustee, as Johnsson's briefs do not clearly lay out her appellate issues. The Trustee argues that Johnsson has abandoned all but one argument on appeal—that the bankruptcy court erred in its determination that she was not entitled to relief under Rule 60(b)(3). Although a *pro se* litigant's pleadings are to be construed

---

[4] The Trustee asks the Court to strike Johnsson's appellate brief, claiming she makes unsupported accusations against the Trustee and the Trustee's law firm. Instead of striking Johnsson's appellate brief, the Court has only considered Johnsson's properly supported arguments.

liberally, *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007), perfunctory or unsupported arguments are nonetheless considered waived, even when made by *pro se* litigants, *Mathis v. New York Life Ins. Co.*, 133 F.3d 546, 548 (7th Cir. 1998) ("[E]ven pro se litigants . . . must expect to file a legal argument and some supporting authority.  A litigant who fails to press a point by supporting it with pertinent authority, or by showing why it is sound despite a lack of supporting authority . . . forfeits the point.  We will not do his research for him." (omissions in original) (citations omitted) (internal quotation marks omitted)).  To the extent that Johnsson's briefing challenges the bankruptcy court's denial of her Rule 60(b) motion, it focuses on the alleged fraud committed by the Trustee and Rittmanic and the fact that it took her time to piece together this alleged fraud.  Giving Johnsson the benefits due a *pro se* litigant, the Court construes this as a challenge to the bankruptcy court's rulings under both Rule 60(b)(3) and 60(b)(2).  Additionally, because Johnsson's brief generally challenges the result of the settlement as unjust, which the bankruptcy court construed as a Rule 60(b)(6) ground for relief, the Court will review that aspect of the bankruptcy court's ruling as well.  But the Court finds Johnsson has waived any challenge to the remainder of the bankruptcy court's May 14, 2014 order.  *See Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001) (court "cannot fill the void by crafting arguments and performing the necessary legal research" for *pro se* litigants on appeal who do not provide "more than a generalized assertion of error").

## A.      Rule 60(b)(3): Fraud

Rule 60(b)(3) provides relief from a judgment due to "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party."  Fed. R. Civ. P. 60(b)(3).  Although Rule 60(b)(3) allows for relief for fraud on the court or fraud by an opposing party, as the bankruptcy court noted, there was no evidence of fraud on the court, which would

involve "conduct that might be thought to corrupt the judicial process itself." *Oxxford Clothes XX, Inc. v. Expeditors Int'l of Washington, Inc.*, 127 F.3d 574, 578 (7th Cir. 1997). Thus, to obtain relief under Rule 60(b)(3), Johnsson had to demonstrate that she had a meritorious claim and that because of fraud, misrepresentation, or misconduct by an opposing party, she was not able to fully and fairly present her case. *Wickens v. Shell Oil Co.*, 620 F.3d 747, 758–59 (7th Cir. 2010). Such fraud must be shown by clear and convincing evidence. *Id.* at 759.

In the bankruptcy court, Johnsson argued that Rittmanic committed fraud in representing the amount of assets in the marital estate. The bankruptcy court rejected her argument under Rule 60(b)(3), finding that the Trustee, not Rittmanic, was the opposing party on the motion for settlement and that Johnsson did not allege that the Trustee participated in any of the fraud allegedly perpetrated by Rittmanic. Doc. 271 at 8. The Court further noted that the issue of fraud was "subsumed in the Debtor's objection to the 9019 Motion and in the Debtor's subsequent attacks on the Settlement and 9019 Order." *Id.*

Here, Johnsson argues that the Trustee and Rittmanic jointly committed fraud in an apparent attempt to get around the bankruptcy court's ruling that her allegations against Rittmanic were not sufficient to bring Rule 60(b)(3) into play. But Johnsson cannot pursue this new argument on appeal, as it is the first time she is contending that the Trustee participated in the fraud. *See Puffer v. Allstate Ins. Co.*, 675 F.3d 709, 718 (7th Cir. 2012) ("It is a well-established rule that arguments not raised to the district court are waived on appeal."); *Fednav Int'l Ltd. v. Cont'l Ins. Co.*, 624 F.3d 834, 841 (7th Cir. 2010) ("[A] party who fails to adequately present an issue to the district court has waived the issue for purposes of appeal."). Here, the bankruptcy court specifically stated in its denial of Johnsson's Rule 60(b) motion that she "makes no allegations that the Trustee participated in any alleged fraud committed by

Rittmanic." Doc. 271 at 8. The Court cannot consider whether the Trustee's alleged fraud warrants relief pursuant to Rule 60(b)(3), as Johnsson never argued that the Trustee's fraud was a basis for relief in the first place.

But even considering her argument that Rittmanic and the Trustee engaged in fraud on the merits, the Court does not find that the bankruptcy court abused its discretion in denying Rule 60(b)(3) relief. Even if the bankruptcy court erred in requiring the Trustee to be the party committing the alleged fraud—an argument Johnsson does not make—the bankruptcy court ultimately found that Johnsson had not demonstrated any fraud by clear and convincing evidence. Having reviewed Johnsson's evidence, the Court agrees that she has not made a plausible showing of fraud or misrepresentations.

Moreover, Johnsson's claims of alleged fraud did not prevent her from objecting to the settlement but instead were attacks on the settlement itself. That is not sufficient for Rule 60(b)(3) relief, which requires Johnsson to explain how the alleged fraud prevented her from fully and fairly presenting her opposition to the settlement to the bankruptcy court. *See Arington v. County of DeKalb*, No. 1:04-CV-00171, 2006 WL 617965, at *1 (N.D. Ind. Mar. 9, 2006) (denying Rule 60(b)(3) motion where plaintiff did not explain how alleged fraud prevented him from presenting case at summary judgment). In this case, Johnsson repeatedly raised her objections to the settlement at the hearing on the motion to approve the settlement and then in several other motions and hearings held after the settlement was approved. At every turn, Johnsson's objections focused on how the settlement was undervalued because of Rittmanic's alleged fraud and the Trustee's failure to properly investigate the value of the marital assets. The bankruptcy court thus appropriately found her allegations of fraud to have been subsumed in her prior challenges to the settlement and not appropriate grounds for relief pursuant to Rule

60(b)(3). *See Acevedo v. Heinemann's Bakeries, Inc.*, 339 F. App'x 640, 643 (7th Cir. 2009) (allegedly fraudulent affidavit would not be cause to void settlement agreement under Rule 60(b)(3) where plaintiff discovered purported fabrication before judgment was final and it was "irrelevant for purposes of Rule 60(b)(3) because it did not prevent [plaintiff] from fully and fairly presenting his underlying motion to void the settlement agreement to the district court"); *Harris v. County of Cook*, 202 F.3d 273 (Table), 1999 WL 809719, at *2 (7th Cir. 1999) ("Rule 60(b)(3) protects the fairness of the proceedings, not necessarily the correctness of the verdict, and our review does not reach the merits of the underlying judgment. Thus, Ms. Harris must do more than argue that the district court's grant of summary judgment was wrong, she must explain how the defendants' conduct precluded her from defending against it." (citations omitted)).

### B.    Rule 60(b)(2): Newly Discovered Evidence

In a somewhat related argument, Johnsson states in her appellate brief that it took her some time to gather and present her fraud evidence. To the extent this can be construed as an argument on appeal that the bankruptcy court abused its discretion in finding she was not entitled to relief under Rule 60(b)(2), that argument fails.[5] Rule 60(b)(2) provides relief from judgment based on "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Fed. R. Civ. P. 60(b)(2). To obtain relief based on Rule 60(b)(2), Johnsson must show (1) the evidence was discovered following the order approving the settlement agreement, (2) due diligence in discovering the new evidence, (3) the evidence is not cumulative or impeaching, (4) the evidence is material, and (5) the evidence is such that it would probably produce a new result. *Jones v. Lincoln Elec. Co.*, 188 F.3d 709, 732 (7th Cir. 1999). Although Johnsson mentioned four allegedly new pieces of evidence in her Rule 60(b) motion, the only one conceivably raised on appeal relates to the

---

[5] The Trustee does not address this argument, deeming it waived.

valuation of the marital residence. But at the hearing on the motion to approve the settlement agreement, the bankruptcy court "expressly considered the fact that the parties had a different opinion as to value, and questioned the weight of a Zillow estimate. In so doing, the court determined that the uncertainty in that regard was part of the reason the parties were driven to settle." Doc. 271 at 7. Thus, the bankruptcy court found that any evidence in relation to the value of the marital residence was not newly discovered and any challenge to the court's conclusion on that issue should have been brought in an appeal, not in a Rule 60(b) motion. The Court cannot find any basis to conclude that this was an abuse of discretion, as Johnsson repeatedly argued in opposition to the settlement agreement that her marital residence was undervalued and the bankruptcy court even acknowledged that he gave no legal weight to Zillow estimates in considering whether to approve the settlement agreement. *See* Doc. 234 at 44:14– 19. Because Johnsson is inappropriately trying to attack the underlying merits of the bankruptcy court's decision upholding the settlement agreement by arguing newly discovered evidence of the marital residence's value, the Court affirms the bankruptcy court's decision on her Rule 60(b)(2) challenge. *See Stoller*, 528 F.3d at 480 (in considering Rule 60(b) motion, court cannot review issues that should have been raised on direct appeal).

### C. Rule 60(b)(6): Catch-All Provision

Finally, the Court addresses whether the bankruptcy court abused its discretion in denying relief under Rule 60(b)(6), Rule 60(b)'s catch-all provision. Rule 60(b)(6) is reserved for "extraordinary circumstances" that demonstrate that the underlying judgment is unjust. *West v. Schneiter*, 485 F.3d 393, 395 (7th Cir. 2007); *Margoles v. Johns*, 798 F.2d 1069, 1073 (7th Cir. 1986). The bankruptcy court acknowledged that Johnsson was frustrated with the bankruptcy process, as in hindsight it appeared she might receive less than if she had not filed for

bankruptcy, but found that Johnsson's frustration and desire for a different result was not the appropriate test for determining whether the Trustee's settlement with Rittmanic was appropriate. That test instead is whether the settlement is in the best interest of the estate, considering the value of the settlement in comparison with the probable costs and benefits of litigating. *In re Doctors Hosp. of Hyde Park, Inc.*, 474 F.3d 421, 426 (7th Cir. 2007). Although Johnsson may regret her decision to file for bankruptcy, that decision—by all appearances entered into freely and voluntarily—does not satisfy Rule 60(b)'s requirement of extraordinary circumstances. *See Ackermann v. United States*, 340 U.S. 193, 198, 71 S. Ct. 209, 95 L. Ed. 207 (1950) (petitioner's choice not to appeal "was a risk, but calculated and deliberate and such as follows a free choice" and he could not "be relieved of such a choice because hindsight seems to indicate to him that his decision not to appeal was probably wrong"); *Nelson v. Chertoff*, No. 07-CV-2991, 2010 WL 1856192, at *3 (N.D. Ill. May 10, 2010) (decision to voluntarily dismiss lawsuit, which may have been a mistake in hindsight, did not qualify as a basis for relief under Rule 60(b)(6)). Thus, given the limited ability to review the bankruptcy court's order, the Court affirms the May 14, 2014 order denying Johnsson's motion for relief from the April 30, 2013 order approving the settlement agreement.

## CONCLUSION

For the foregoing reasons, the bankruptcy court's order denying the debtor's motion for relief from the April 30, 2013 court order approving the settlement agreement is affirmed.


Dated: September 29, 2015

_____
SARA L. ELLIS
United States District Judge